IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH AND SEIZURE WARRANT FOR AN ACCOUNT HOSTED BY FACEBOOK, INC. | Case No. 1:20-mj-113<br><br>Filed Under Seal |

## APPLICATION FOR ORDER COMMANDING FACEBOOK, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

The United States requests that the Court order Facebook, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant for 60 days.

Facebook, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Facebook, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation by: giving targets an opportunity to flee or continue flight from

prosecution, destroy or tamper with evidence, and intimidate potential witness. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook, Inc. not to disclose the existence or content of the attached warrant for one year except that Facebook, Inc. may disclose the attached warrant to an attorney for Facebook, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on 8/18/2020.

Kevin T. Brown
Special Assistant United States Attorney
TN Bar. No. 034166
1110 Market Street, Suite 515
Chattanooga, TN 37402
423-752-5140
kevin.brown@usdoj.gov